**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: CREDIT SUISSE SECURITIES FRAUD CLASS ACTIONS<br><br>This matter relates to:<br><br>*Palomino* | Case No. 1:25-cv-08264-CM<br><br>[rel. 1:23-cv-05874-CM] |

**ANSWER OF DEFENDANTS CREDIT SUISSE GROUP AG,**
**AXEL P. LEHMANN, AND ULRICH KÖRNER**
**<u>TO PLAINTIFFS' COMPLAINT</u>**

Defendants Credit Suisse Group AG ("CS"), Axel P. Lehmann, and Ulrich Körner (the "Individual Defendants," and, with CS, "Defendants"), by their respective attorneys, hereby answer the Complaint dated April 23, 2024 (the "Complaint") filed by Palomino Master Ltd. ("Palomino"), Azteca Partners LLC ("Azteca"), and Appaloosa LP ("Appaloosa") (collectively, "Plaintiffs") in the above-captioned action (the "Action"). Any and all allegations not specifically admitted herein are denied. No statement herein constitutes a comment on the legal theories upon which Plaintiffs purport to proceed; to the extent the Complaint asserts legal contentions, such legal contentions require no response in this Answer. Defendants respectfully submit that the headings, sub-headings, and unnumbered paragraphs used in the Complaint do not require a response but, for the avoidance of doubt, to the extent they contain allegations against Defendants, such allegations are denied.

By answering the Complaint's allegations collectively, Defendants do not admit that each Defendant individually possesses knowledge or information sufficient to form a belief as to the truth or falsity of each of the allegations to which Defendants herein provide responses. In particular, Defendants expressly deny that the Individual Defendants possess knowledge or

information sufficient to form a belief as to the truth or falsity of any allegations concerning alleged events occurring during time periods when they were not employed by CS.

On March 26, 2026, the Honorable Colleen McMahon issued a Decision and Order granting in part and denying in part Defendants' motion to dismiss (Docket No. 43; the "Order"). In the Order, the Court dismissed all claims brought under the New Jersey Racketeer Influenced and Corrupt Organizations Act (the "New Jersey RICO Claims"). Order at 2, 27. Defendants are under no obligation to respond to these allegations and claims for relief, which were properly dismissed by the Court.

Because Appaloosa was a Plaintiff only with respect to the now-dismissed New Jersey RICO Claims, and does not purport to be a party to the remaining claims, Appaloosa is no longer a Plaintiff in this Action. Appaloosa is referred to herein as a "Plaintiff" only in reference to the fact that it was one of the parties that filed the Complaint.

This Answer responds only to the allegations contained in the Complaint against Defendants. No statement herein constitutes a comment as to the truth of allegations contained in the Complaint against any non-party, including CS's subsidiaries or affiliates.

For their specific responses to the Complaint, Defendants respond or state as follows:

1. Paragraph 1 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2. Defendants admit that, according to the Federal Deposit Insurance Corporation ("FDIC"), on or about March 10, 2023, Silicon Valley Bank was closed by the California Department of Financial Protection & Innovation and the FDIC was named Receiver. Defendants

otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2.

3. Defendants admit that CS was a Swiss bank, and that Swiss banks are subject to certain bank secrecy laws. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. To the extent Paragraph 4 purports to describe certain information contained in CS's public filings or statements, those filings or statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings or statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 4, except admit that Axel Lehmann served as Chairman of the Board of Directors of CS, Ulrich Körner served as Chief Executive Officer of CS, and CS publicly announced a restructuring plan in October 2022.

5. To the extent Paragraph 5 purports to describe certain information contained in CS's public filings or statements, those filings or statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings or statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 5.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning what "could have" resulted from "[a] bank run on Credit Suisse," and otherwise deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7.

8. To the extent Paragraph 8 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any

characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 8.

9. To the extent Paragraph 9 purports to describe portions of a December 19, 2023 report issued by the Swiss financial regulator FINMA (the "FINMA Report"), the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 9.

10. To the extent Paragraph 10 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 10.

11. To the extent Paragraph 11 purports to describe portions of an interview of Defendant Lehmann by Bloomberg, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 11.

12. To the extent Paragraph 12 purports to describe portions of an interview of Defendant Lehmann by Bloomberg and/or to describe certain information contained in CS's public filings or statements, that interview and those filings or statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said interview, filings, and/or statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 12.

13. To the extent Paragraph 13 purports to describe portions of an interview of Ammar Al Khudairy by Bloomberg, the interview speaks for itself. Defendants deny any characterizations

thereof and respectfully refer the Court to said interview for its full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the existence or reasons for any "investor concern" at any given time, and otherwise deny the allegations contained in Paragraph 13.

14. To the extent Paragraph 14 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 14.

15. To the extent Paragraph 15 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. To the extent Paragraph 17 purports to describe portions of a CS press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

18. To the extent Paragraph 18 purports to describe certain information contained in public statements made by the Individual Defendants and/or CS, those public statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the activities of other "major global bank[s]," and otherwise deny the allegations contained in Paragraph 18.

19. To the extent Paragraph 19 purports to describe portions of a FINMA press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

20. To the extent Paragraph 20 purports to describe portions of a FINMA press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

21. To the extent Paragraph 21 purports to describe portions of public statements by FINMA, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning if or when Plaintiffs purchased Credit Suisse AT1 bonds ("AT1 Bonds").

22. To the extent Paragraph 22 purports to describe portions of a FINMA press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the existence and extent of "backlash" from holders of AT1 Bonds, and otherwise deny the allegations contained in Paragraph 22.

23. To the extent Paragraph 23 purports to describe portions of public statements made by Defendants or FINMA, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 23.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning Plaintiffs' trading activities, and otherwise deny the allegations contained in Paragraph 24.

25. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. Without prejudice to this position, Paragraph 25 otherwise contains Plaintiffs' characterization of this Action as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 25, and specifically deny that any Defendant is liable in any way whatsoever to Plaintiffs.

26. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. Without prejudice to this position, Paragraph 26 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this Action pursuant to Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

27. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. Without prejudice to this position, Paragraph 27 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants admit that Plaintiffs purport to bring this Action pursuant to the Exchange Act and to assert jurisdiction under 15 U.S.C. § 78aa and 28 U.S.C. § 1331.

28. Paragraph 28 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants observe that this Action was

transferred from the District of New Jersey to the Southern District of New York (*see, e.g.* ECF No. 25), and Plaintiffs' allegations concerning the propriety of a New Jersey venue are therefore no longer applicable.

29. Paragraph 29 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30.

31. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32.

33. Defendants admit (i) that until its merger with UBS Group AG ("UBS") in June 2023, CS was a bank headquartered in Zurich, Switzerland; (ii) that, in its annual report for fiscal year 2022, CS's reported total assets exceeded CHF 500,000 and its reported total employees exceeded 50,000; and (iii) that, at certain times, CS issued AT1 Bonds. Defendants otherwise deny the allegations contained in Paragraph 33.

34. Defendants admit that Defendant Lehmann (i) was elected to the CS Board of Directors in October 2021 and was Chair of Risk Committee thereof; (ii) became Chairman of the CS Board of Directors in January 2022; (iii) previously was employed by UBS in roles including UBS's Chief Operating Officer and the President of UBS Switzerland; and (iv) previously was employed by Zurich Insurance Group. Defendants otherwise deny the allegations contained in Paragraph 34.

35. Defendants admit (i) that Defendant Körner began serving as CEO of CS's Asset Management unit in 2021; (ii) that CS announced in July 2022 that Defendant Körner would be CEO of CS; and (iii) that Defendant Körner previously was employed by UBS. Defendants otherwise deny the allegations contained in Paragraph 35.

36. Defendants admit that prior to CS's merger with UBS, CS provided various financial services that included wealth management, private banking, asset management, and investment banking services.

37. Defendants admit the allegations contained in Paragraph 37.

38. To the extent Paragraph 38 purports to describe portions of CS's 2022 Annual Report, that document speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said document for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 38.

39. To the extent Paragraph 39 purports to describe portions of CS's 2022 Annual Report, that document speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said document for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 39.

40. To the extent Paragraph 40 purports to describe portions of CS's 2022 Annual Report, that document speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said document for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 40.

41. To the extent Paragraph 41 purports to describe portions of CS's 2022 Annual Report, that document speaks for itself. Defendants deny any characterizations thereof and

respectfully refer the Court to said document for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 41.

42. To the extent Paragraph 42 purports to describe portions of CS's 2022 Annual Report, that document speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said document for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 42.

43. Defendants admit that, at certain times, CS issued AT1 Bonds.

44. Defendants admit that, at certain times, CS issued AT1 Bonds, and deny knowledge or information sufficient to determine what the phrase "key component" means as used in Paragraph 44.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

46. To the extent Paragraph 46 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46.

47. To the extent Paragraph 47 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

48. To the extent Paragraph 48 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

49. To the extent Paragraph 49 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

50. To the extent Paragraph 50 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

51. To the extent Paragraph 51 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

52. To the extent Paragraph 52 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

53. To the extent Paragraph 53 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds, those memoranda speak for

themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said memoranda for their full content and context.

54. Defendants deny the allegations contained in Paragraph 54.

55. To the extent Paragraph 55 purports to describe portions of information memoranda issued by CS in connection with its issuance of AT1 Bonds and/or portions of the FINMA Report, those documents speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said documents for their full content and context.

56. To the extent Paragraph 56 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

57. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning how "U.S. investors" viewed CS's AT1 Bonds, and deny knowledge or information sufficient to determine what the word "essential" means as used in Paragraph 57.

58. Defendants deny knowledge or information sufficient to determine what the phrase "challenges to its business" means as used in Paragraph 58.

59. To the extent Paragraph 59 purports to summarize press reports or other public documents concerning purported "corporate scandals" at CS, those reports or documents speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said reports or documents for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 59, except admit that S&P, Moody's, and Fitch downgraded CS at certain points in 2022.

60. To the extent Paragraph 60 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 60.

61. Defendants admit that, in 2022, (i) Defendant Lehmann became Chairman of the CS Board of Directors; (ii) Defendant Körner was appointed CS CEO; and (iii) CS publicly announced it was undertaking a strategic review. Defendants otherwise deny the allegations contained in Paragraph 61.

62. Defendants admit that Defendant Lehmann became Chairman of the CS Board of Directors in January 2022 and that the prior Chairman had been António Horta-Osório, who had become the Chairman of the CS Board of Directors on or about May 1, 2021. Defendants otherwise deny the allegations contained in Paragraph 62.

63. Defendants admit that CS announced in July 2022 that Defendant Körner would be CEO of CS and that the prior CEO had been Thomas Gottstein, who had become the CEO of CS on or about February 7, 2020. Defendants otherwise deny the allegations contained in Paragraph 63.

64. Defendants admit that during the first two weeks of October 2022, CS experienced significantly higher withdrawals of cash deposits as well as non-renewal of maturing time deposits and experienced client asset outflows at levels that substantially exceeded the rates incurred in the prior quarter. Defendants otherwise deny the allegations contained in Paragraph 64.

65. To the extent Paragraph 65 purports to describe the contents of a post on Twitter, that post speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said post for its full content and context. Defendants deny knowledge or information

sufficient to form a belief as to the truth or falsity of allegations concerning the existence and extent of "rumors" concerning CS.

66. Defendants admit that during the first two weeks of October 2022, CS experienced significantly higher withdrawals of cash deposits as well as non-renewal of maturing time deposits. Defendants otherwise deny the allegations contained in Paragraph 66.

67. Defendants admit that CS did not breach the core requirements of its liquidity coverage ratio in the first two weeks of October 2022. Defendants deny that the allegations contained in Paragraph 67 as to why CS did not breach the core requirements of its liquidity coverage ratio during this period are accurate or complete.

68. Defendants admit that CS maintained a liquidity buffer during the first two weeks of October 2022. Defendants deny that the allegations contained in Paragraph 68 as to why CS maintained a liquidity buffer during this period are accurate or complete.

69. To the extent Paragraph 69 purports to describe the contents of public reports or press articles concerning discussions among the Swiss National Bank, FINMA, and CS, the reports or articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said reports and/or articles for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 69.

70. To the extent Paragraph 70 purports to describe the contents of one or more CS public filings, the filings speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings for their full content and context.

71. To the extent Paragraph 71 purports to describe the contents of one or more CS public filings, the filings speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings for their full content and context.

72. To the extent Paragraph 72 purports to describe the contents of one or more CS public filings, the filings speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 72.

73. To the extent Paragraph 73 purports to describe the contents of one or more CS public filings, the filings speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filings for their full content and context.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants admit that, according to the FDIC, on or about March 10, 2023, Silicon Valley Bank was closed by the California Department of Financial Protection & Innovation and the FDIC was named Receiver. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75.

76. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76.

77. Defendants admit that, according to the FDIC, on or about March 10, 2023, Silicon Valley Bank was closed by the California Department of Financial Protection & Innovation and the FDIC was named Receiver. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77.

78. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79.

80. Defendants admit that, according to the FDIC, on or about March 12, 2023, Signature Bank was closed by the New York State Department of Financial Services and the FDIC was named Receiver. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 80.

81. Defendants admit that on March 12, 2023, the U.S. Secretary of the Treasury, Federal Reserve Board Chair, and Chairman of the FDIC publicly announced that all depositors of Silicon Valley Bank and Signature Bank would be made whole. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 81.

82. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 82.

83. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 83.

84. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 84.

85. To the extent Paragraph 85 purports to describe public statements by "Credit Suisse's leadership," those statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 85.

86. To the extent Paragraph 86 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 86.

87. To the extent Paragraph 87 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 87.

88. To the extent Paragraph 88 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 88.

89. To the extent Paragraph 89 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 89.

90. To the extent Paragraph 90 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. To the extent Paragraph 92 purports to describe portions of a CS "fixed income investor presentation" (the "Fixed Income Presentation"), the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

93. To the extent Paragraph 93 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any

characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

94. To the extent Paragraph 94 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

95. To the extent Paragraph 95 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

96. To the extent Paragraph 96 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

97. To the extent Paragraph 97 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

98. To the extent Paragraph 98 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

99. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99.

100. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 100.

101. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 101.

102. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 102.

103. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 103.

104. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 104.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 105.

106. Defendants admit the allegations contained in Paragraph 106.

107. Defendants admit that Defendant Lehmann attended the Financial Sector Conference in Riyadh, Saudi Arabia on March 15, 2023. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of whether Lehmann participated in "the first panel of the day" or the specific television channel or channels that broadcast the Financial Sector Conference or any portion thereof.

108. To the extent Paragraph 108 purports to describe portions of statements made during the Financial Sector Conference, the statements speak for themselves. Defendants deny

any characterizations thereof and respectfully refer the Court to said statements for their full content and context.

109. To the extent Paragraph 109 purports to describe portions of statements made during the Financial Sector Conference, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context.

110. To the extent Paragraph 110 purports to describe portions of statements made during the Financial Sector Conference, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context.

111. Defendants admit that public press reports indicate that Ammar Al Khudairy attended the Financial Sector Conference on March 15, 2023.

112. To the extent Paragraph 112 purports to describe portions of an interview of Mr. Al Khudairy by Bloomberg, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context.

113. To the extent Paragraph 113 purports to describe portions of an interview of Mr. Al Khudairy by Bloomberg, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context.

114. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 114.

115. Defendants deny knowledge or information sufficient to form a belief as to Plaintiff's characterization of the reasons for or extent of trading activity in CS shares or AT1 Bonds on or about March 15, 2023.

116. To the extent Paragraph 116 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 116.

117. To the extent Paragraph 117 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 117.

118. To the extent Paragraph 118 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 118.

119. To the extent Paragraph 119 purports to describe portions of an interview of Defendant Körner by CNA, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 119.

120. To the extent Paragraph 120 purports to describe the contents of a post on Twitter, that post speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said post for its full content and context.

121. To the extent Paragraph 121 purports to describe the content of press articles, the articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.

122. To the extent Paragraph 122 purports to describe the content of press articles, the articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.

123. To the extent Paragraph 123 purports to describe the content of press articles, the articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said articles for their full content and context.

124. To the extent Paragraph 124 purports to describe the contents of a public statement by FINMA and the Swiss National Bank, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context.

125. To the extent Paragraph 125 purports to describe portions of a CS press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

126. To the extent Paragraph 126 purports to describe portions of a CS press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

127. To the extent Paragraph 127 purports to describe public statements made by the Individual Defendants and/or CS, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the activities of other "major global bank[s]," and otherwise deny the allegations contained in Paragraph 127.

128. To the extent Paragraph 128 purports to describe the content of a *Reuters* article, the article speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 128.

129. Defendants deny the allegations contained in Paragraph 129.

130. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 130.

131. To the extent Paragraph 131 purports to describe the content of a *Wall Street Journal* article, the article speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said article for its full content and context.

132. To the extent Paragraph 132 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 132.

133. To the extent Paragraph 133 purports to describe the content of one or more press articles, the articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said article or articles for their full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations about what "report[s]" on or about March 17, 2023 did or did not say concerning CS's AT1 Bonds, and otherwise deny the allegations contained in Paragraph 133.

134. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning how holders of AT1 Bonds "received" certain news, and otherwise deny the allegations contained in Paragraph 134.

135. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 135.

136. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 136.

137. Defendants admit the allegations contained in Paragraph 137.

138. Defendants admit (i) that on March 19, 2023, UBS announced that it had agreed to purchase CS by means of an all-share transaction for a total consideration of CHF 3 billion and (ii) that the package of measures in connection with UBS's acquisition of CS included a federal loss protection guarantee in the amount of CHF 9 billion. Defendants otherwise deny the allegations contained in Paragraph 138.

139. To the extent Paragraph 139 purports to describe portions of a FINMA press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

140. To the extent Paragraph 140 purports to describe portions of a public statement by FINMA, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context. Defendants admit that FINMA instructed CS to write down its AT1 Bonds to zero.

141. Defendants admit that FINMA issued a press release dated March 23, 2023 titled "FINMA provides information about the basis for writing down AT1 capital instruments" (the "March 23, 2023 FINMA Press Release"). Defendants otherwise deny the allegations contained in Paragraph 141.

142. To the extent Paragraph 142 purports to describe the contents of the March 23, 2023 FINMA Press Release, the Press Release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said Press Release for its full content and context.

143. To the extent Paragraph 143 purports to describe the contents of the March 23, 2023 FINMA Press Release, the Press Release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said Press Release for its full content and context.

144. Defendants admit the allegations contained in Paragraph 144.

145. Defendants deny the allegations contained in Paragraph 145, except admit that Defendant Lehmann and Defendant Körner each made remarks at the CS annual general meeting held on April 4, 2023.

146. Defendants deny the allegations contained in Paragraph 146.

147. To the extent Paragraph 147 purports to describe portions of the Individual Defendants' remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 147.

148. To the extent Paragraph 148 purports to describe portions of Defendant Körner's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

149. To the extent Paragraph 149 purports to describe portions of Defendant Lehmann's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for

themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

150. Defendants deny the allegations contained in Paragraph 150.

151. To the extent Paragraph 151 purports to describe portions of Defendant Körner's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

152. Defendants deny the allegations contained in Paragraph 152.

153. To the extent Paragraph 153 purports to describe portions of Defendant Lehmann's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

154. To the extent Paragraph 154 purports to describe portions of Defendant Lehmann's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

155. To the extent Paragraph 155 purports to describe portions of a statement made by Switzerland's Office of the Attorney General, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context.

156. To the extent Paragraph 156 purports to describe portions of a statement made by Switzerland's Office of the Attorney General, the statement speaks for itself. Defendants deny

any characterizations thereof and respectfully refer the Court to said statement for its full content and context.

157. Defendants admit the allegations contained in Paragraph 157.

158. To the extent Paragraph 158 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 158.

159. To the extent Paragraph 159 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 159.

160. To the extent Paragraph 160 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

161. To the extent Paragraph 161 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

162. To the extent Paragraph 162 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 162.

163. To the extent Paragraph 163 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

164. To the extent Paragraph 164 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

165. To the extent Paragraph 165 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context.

166. To the extent Paragraph 166 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 166.

167. To the extent Paragraph 167 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 167.

168. To the extent Paragraph 168 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 168.

169. To the extent Paragraph 169 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any

characterizations thereof and respectfully refer the Court to said interview for its full content and context.

170. Defendants deny the allegations contained in Paragraph 170.

171. To the extent Paragraph 171 purports to describe portions of an interview of Defendant Körner by Bloomberg Television, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context.

172. Defendants deny the allegations contained in Paragraph 172.

173. To the extent Paragraph 173 purports to describe portions of the Fixed Income Presentation, the Fixed Income Presentation speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the Fixed Income Presentation for its full content and context.

174. Defendants deny the allegations contained in Paragraph 174.

175. Defendants deny the allegations contained in Paragraph 175.

176. To the extent Paragraph 176 purports to describe portions of statements made by Defendant Lehmann during the Financial Sector Conference, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context.

177. Defendants deny the allegations contained in Paragraph 177.

178. To the extent Paragraph 178 purports to describe portions of statements made by Defendant Lehmann during the Financial Sector Conference, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context.

179. Defendants deny the allegations contained in Paragraph 179.

180. To the extent Paragraph 180 purports to describe portions of an interview of Defendant Körner by CNA and the contents of a post on Twitter, the interview and post speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said interview and post for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 180.

181. Defendants deny the allegations contained in Paragraph 181.

182. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

183. Paragraph 183 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 183.

184. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 184.

185. Defendants admit that CS announced a new strategy on October 27, 2022 that included, *inter alia*, a planned restructuring of CS's Investment Bank. Defendants deny that the allegations contained in Paragraph 185 contain a complete or accurate summary of the reasons for the new strategy, and otherwise deny the allegations contained in Paragraph 185.

186. To the extent Paragraph 186 purports to describe portions of a filing with the SEC made by CS, the filing speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context.

187. Defendants deny the allegations contained in Paragraph 187.

188. Defendants deny the allegations contained in Paragraph 188.

189. Defendants deny the allegations contained in Paragraph 189.

190. To the extent Paragraph 190 purports to describe portions of Defendant Körner's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

191. To the extent Paragraph 191 purports to describe portions of Defendant Lehmann's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

192. To the extent Paragraph 192 purports to describe portions of Defendant Lehmann's remarks at the CS annual general meeting held on April 4, 2023, those remarks speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said remarks for their full content and context.

193. Paragraph 193 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 193.

194. Paragraph 194 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 194.

195. To the extent Paragraph 195 purports to describe the contents of a public statement by FINMA and the Swiss National Bank, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 195.

196. Defendants deny the allegations contained in Paragraph 196.

197. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the actions of "banking customers," and otherwise deny the allegations contained in Paragraph 197.

198. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations speculating as to what circumstances "would have led" to the departures of the Individual Defendants from CS.

199. Defendants deny the allegations contained in Paragraph 199.

200. Defendants deny the allegations contained in Paragraph 200.

201. Paragraph 201 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 201.

202. To the extent Paragraph 202 purports to describe portions of a statement made by Switzerland's Office of the Attorney General, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 202.

203. To the extent Paragraph 203 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 203.

204. To the extent Paragraph 204 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and

respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 204.

205. To the extent Paragraph 205 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 205.

206. Paragraph 206 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 206.

207. Paragraph 207 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to what legal theories Plaintiffs will “rely upon,” and otherwise deny the allegations contained in Paragraph 207.

208. Paragraph 208 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 208.

209. Paragraph 209 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 209.

210. Paragraph 210 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to what, if anything, Plaintiffs “relied on” when allegedly purchasing AT1 Bonds, and otherwise deny the allegations contained in Paragraph 210.

211. Defendants deny that the allegations contained in Paragraph 211 accurately or completely summarize any public statement, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 211.

212. Paragraph 212 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny that the allegations contained in Paragraph 212 accurately or completely summarize any public statement, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 212.

213. Paragraph 213 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 213.

214. Defendants deny the allegations contained in Paragraph 214.

215. Paragraph 215 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 215.

216. Paragraph 216 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 216.

217. To the extent Paragraph 217 purports to describe portions of an interview of Ammar Al Khudairy by Bloomberg, the interview speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said interview for its full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of

allegations concerning the specific television channel or channels that broadcast Mr. Al Khudairy's interview or the chyron that was presented with said interview.

218. Paragraph 218 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 218.

219. To the extent Paragraph 219 purports to describe the contents of a *Wall Street Journal* article and/or other press reports, the reports speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said reports for their full content and context.

220. Paragraph 220 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 220.

221. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 221.

222. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 222.

223. Defendants admit (i) that on March 19, 2023, UBS announced that it had agreed to purchase CS by means of an all-share transaction for a total consideration of CHF 3 billion and (ii) that the package of measures in connection with UBS's acquisition of CS included a federal loss protection guarantee in the amount of CHF 9 billion. Defendants otherwise deny the allegations contained in Paragraph 223.

224. To the extent Paragraph 224 purports to describe portions of a FINMA press release, the press release speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said press release for its full content and context.

225. To the extent Paragraph 225 purports to describe portions of a public statement by FINMA, the statement speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said statement for its full content and context. Defendants admit that FINMA instructed CS to write down its AT1 Bonds to zero.

226. Defendants admit that, in accordance with FINMA's instruction, CS wrote down its AT1 Bonds to zero, and otherwise deny the allegations contained in Paragraph 226.

227. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 227.

228. Paragraph 228 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 228.

229. Paragraph 229 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 229.

230. Paragraph 230 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 230.

231. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 231

purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 231.

232. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 232 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 232.

233. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 233 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 233.

234. To the extent Paragraph 234 purports to describe the contents of a post on Twitter, that post speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to said post for its full content and context. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the existence and extent of "rumors" concerning CS.

235. Defendants admit that during the first two weeks of October 2022, CS experienced significantly higher withdrawals of cash deposits as well as non-renewal of maturing time deposits. Defendants otherwise deny the allegations contained in Paragraph 235.

236. To the extent Paragraph 236 purports to describe the contents of public reports or press articles concerning discussions among the Swiss National Bank, FINMA, and CS, the reports or articles speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said filing for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 236.

237. Defendants admit that CS announced a new strategy on October 27, 2022 that included, *inter alia*, a planned restructuring of CS's Investment Bank. Defendants deny that the allegations contained in Paragraph 237 contain a complete or accurate summary of the reasons for the new strategy, and otherwise deny the allegations contained in Paragraph 237.

238. To the extent Paragraph 238 purports to describe the contents of statements made by Defendants, the statements speak for themselves. Defendants deny any characterizations thereof and respectfully refer the Court to said statements for their full content and context. Defendants otherwise deny the allegations contained in Paragraph 238.

239. To the extent Paragraph 239 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 239.

240. To the extent Paragraph 240 purports to describe portions of the FINMA Report, the FINMA Report speaks for itself. Defendants deny any characterizations thereof and respectfully refer the Court to the FINMA Report for its full content and context. Defendants otherwise deny the allegations contained in Paragraph 240.

241. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 241 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 241.

242. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 242

purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 242.

243. Defendants deny the allegations contained in Paragraph 243.

244. Defendants deny the allegations contained in Paragraph 244.

245. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 245 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 245.

246. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 246 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 246.

247. Defendants deny the allegations contained in Paragraph 247.

248. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 248 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 248.

249. Paragraph 249 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 249.

250. Paragraph 250 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 250.

251. Paragraph 251 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 251.

252. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 252 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 252.

253. Defendants deny the allegations contained in Paragraph 253.

254. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 254.

255. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 255.

256. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 256 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 256.

257. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

258. Paragraph 258 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 258, except admit that Plaintiffs Palomino and Azteca purport to assert claims under Section 10(b) of the Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

259. Paragraph 259 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 259.

260. Paragraph 260 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 260.

261. Paragraph 261 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 261.

262. Paragraph 262 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 262.

263. Paragraph 263 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 263.

264. Paragraph 264 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to allegations concerning Plaintiffs' state of mind or trading activities, and otherwise deny the allegations contained in Paragraph 264.

265. Paragraph 265 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to allegations concerning Plaintiffs' state of mind or trading activities, and otherwise deny the allegations contained in Paragraph 265.

266. Paragraph 266 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 266.

267. Paragraph 267 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 267.

268. Paragraph 268 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny that they committed any "violations" of any kind, and deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the date or dates on which Plaintiffs discovered any alleged facts.

269. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

270. Paragraph 270 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 270, except admit that Plaintiffs Palomino and Azteca purport to assert claims under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

271. Paragraph 271 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 271.

272. Paragraph 272 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 272.

273. Paragraph 273 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 273.

274. Paragraph 274 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 274.

275. Paragraph 275 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 275.

276. Paragraph 276 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 276.

277. Paragraph 277 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny that they committed any "violations" of any kind, and deny knowledge or information sufficient to form a belief as to the truth or falsity of allegations concerning the date or dates on which Plaintiffs discovered any alleged facts.

278. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

279. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 279 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 279, except admit

that, prior to the Court's Order, Plaintiffs sought to assert claims against Defendants under N.J.S.A. 2C:41-2(c).

280. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 280 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 280.

281. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 281 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 281.

282. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 282 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 282.

283. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 283 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 283.

284. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 284 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 284.

285. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 285 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 285.

286. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 286 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 286.

287. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 287 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 287.

288. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 288 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 288.

289. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

290. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 290 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 290, except admit

that, prior to the Court's Order, Plaintiffs sought to assert claims against Defendants under N.J.S.A. 2C:41-2(d).

291. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 291 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 291.

292. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 292 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 292.

293. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 293 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 293.

294. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 294 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 294.

295. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 295 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 295.

296. Defendants repeat and restate their answers set forth in the preceding paragraphs, inclusive, as though fully set forth herein.

297. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 297 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 297, except admit that, prior to the Court's Order, Plaintiffs sought to assert aiding and abetting racketeering claims against the Individual Defendants under N.J.S.A. 2C:41-2(c) and (d).

298. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 298 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 298.

299. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 299 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 299.

300. Pursuant to the Court's Order, Plaintiffs' New Jersey RICO Claims have been dismissed, and Defendants need not respond to such allegations. In addition, Paragraph 300 purports to assert conclusions of law as to which no responsive pleading is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 300.

No response is required to the Complaint's unnumbered Prayer for Relief because the section merely purports to describe the relief Plaintiffs seek in this Action. To the extent a response is required, Defendants deny that any of the requested relief is warranted, deny that they have

engaged in any wrongdoing whatsoever, and deny any other allegations contained in the Prayer for Relief.

In response to the Complaint's unnumbered demand for trial by jury, Defendants admit that Plaintiffs purport to seek a trial by jury.

## GENERAL DENIAL

Defendants deny any wrongdoing and, except as expressly admitted in response to Paragraphs 1 through 300 (and the unnumbered initial paragraphs, Prayer for Relief and Jury Demand) above, deny all allegations contained in the Complaint. Defendants specifically deny that Plaintiffs are entitled to any of the relief prayed for against Defendants in the Complaint. Defendants expressly reserve the right to amend and/or supplement this Answer and Defendants' defenses.

## DEFENSES

Without admitting any wrongful conduct on their part, and without conceding that they have the burden of proof on any of the following defenses, Defendants assert the following defenses to the Complaint:

### FIRST DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs lack standing to assert the claims alleged in this Action.

### SECOND DEFENSE

Plaintiffs' claims for relief are barred, in whole or in part, because the information Plaintiffs claim to have been misrepresented or omitted from Defendants' statements was in fact publicly disclosed or otherwise in the public domain and, as such, the alleged "truth" that Plaintiffs claim was misrepresented or concealed was available to Plaintiffs.

**THIRD DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because the statements upon which Plaintiffs' claims are based do not contain any material misrepresentation or omission.

**FOURTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants did not act with the requisite scienter.

**FIFTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs did not rely, or did not reasonably rely, on any alleged misstatements or omissions by Defendants, and Plaintiffs are not entitled to any presumptions of reliance, including the "fraud-on-the-market" presumption.

**SIXTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Defendants did not directly, actually, or proximately cause or contribute to any damage, loss, or injury allegedly sustained by Plaintiffs.

**SEVENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because the injury alleged by Plaintiffs, to the extent any exists, was caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, through forces in the marketplace over which Defendants had no control, or through acts or omissions by Plaintiffs.

**EIGHTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs had actual or constructive knowledge regarding the information Plaintiffs now allege was misrepresented or

omitted and thus assumed the risk that, in investing in CS securities, Plaintiffs might suffer financial losses.

**NINTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs cannot prove injury, including because Plaintiffs did not suffer an injury-in-fact.

**TENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are speculative, uncertain, and cannot be ascertained.

**ELEVENTH DEFENSE**

Recovery on Plaintiffs' claims for relief is barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages, if any.

**TWELFTH DEFENSE**

Plaintiffs are not entitled to recovery of interest, costs, expenses, or attorneys' fees in connection with this Action.

**THIRTEENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because any recovery would result in unjust enrichment to Plaintiffs.

**FOURTEENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of estoppel, ratification, and/or unclean hands.

**FIFTEENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

**SIXTEENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, because the alleged misstatements and omissions were non-actionable expressions of opinion, puffery, or soft information.

**SEVENTEENTH DEFENSE**

Plaintiffs' claims for relief are barred, in whole or in part, under applicable statutes of limitations and/or repose.

**EIGHTEENTH DEFENSE**

The alleged transactions at issue do not fall within the territorial scope of the U.S. securities laws under *Morrison* v. *National Australia Bank Ltd.*, 561 U.S. 247 (2010).

**NINETEENTH DEFENSE**

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, because those Defendants did not have "control" over CS as that term is used in Section 20(a) of the Exchange Act.

**TWENTIETH DEFENSE**

Plaintiffs' claims against the Individual Defendants are barred, in whole or in part, because the Individual Defendants were not "culpable participants" in any alleged violations of the law, as that term is used in Section 20(a) of the Exchange Act.

**ADDITIONAL DEFENSES**

By designating the aforementioned defenses, Defendants do not in any way waive or limit any defenses, which are or may be raised by their denials and averments. These defenses are pleaded in the alternative, and are raised to preserve the rights of Defendants to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses.

Defendants expressly reserve all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this Action.

Dated: April 9, 2026

**CAHILL GORDON & REINDEL LLP**

By: /s/ Herbert S. Washer
Herbert S. Washer
Jason M. Hall
Tammy L. Roy
Nicholas N. Matuschak
32 Old Slip
New York, New York 10005
Telephone: (212) 701-3000
Email: hwasher@cahill.com
Email: jhall@cahill.com
Email: troy@cahill.com
Email: nmatuschak@cahill.com

*Attorneys for Defendant Credit Suisse Group AG*

**GOODWIN PROCTER LLP**

By: /s/ Richard M. Strassberg
Richard M. Strassberg
Daniel P. Roeser
Jessica Vogele
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 813-8800
Email: rstrassberg@goodwinlaw.com
Email: droeser@goodwinlaw.com
Email: jvogele@goodwinlaw.com

*Attorneys for Defendant Axel P. Lehmann*

**MILBANK LLP**

By: /s/ George S. Canellos
George S. Canellos
55 Hudson Yards
New York, New York 10001
Telephone: (212) 530-5000
Email: gcanellos@milbank.com

Brenton T. Culpepper
1101 New York Ave, NW
Washington, D.C. 20005
Telephone: (202) 835-7500
Email: bculpepper@milbank.com

*Attorneys for Defendant Ulrich Körner*

Attestation Pursuant to Electronic Case Filing Rule 8.5

I, Herbert S. Washer, attest that concurrence in the filing of this document has been obtained from all other signatories.

/s/ Herbert S. Washer
Herbert S. Washer